### IN RE EX PARTE APPLICATION OF KLEIMAR N.V.

16–mc–355

United States District Court, S.D. New York.

Signed November 16, 2016

Kevin John Lennon, Lennon, Murphy, Caulfield & Phillips, LLC, New York, NY, for Kleimar N.V.

## DECISION AND ORDER

VICTOR MARRERO, United States District Judge.

Third party Vale S.A. ("Vale") brings this motion to vacate an <u>ex parte</u> order of discovery issued by the Honorable Richard

Sullivan of this Court, sitting in Part I, and to quash the subpoena duces tecum served upon Vale by Plaintiff Kleimar N.V. ("Kleimar"). Kleimar and defendant Dalian Dongzhan Group Co. Ltd. ("Dalian") are engaged in a series of arbitrations in London, England (the "London Arbitrations") before the London Maritime Arbitration Association ("LMAA"). In October, Kleimar filed an ex parte application to seek discovery in connection with the London Arbitrations. Judge Sullivan granted Kleimar's application and allowed Kleimar to seek discovery of Vale and certain other parties (collectively, the "Respondents"). In that order, the Court noted that the application was ex parte and stated that "should any Respondent wish to challenge the subpoena, it should file a timely motion to quash in this matter." (Dkt. No. 4.) Kleimar subsequently served Vale S.A. with the subpoena duces tecum ("subpoena") and Vale responded with the present motion to vacate the discovery order ("Motion to Vacate") and motion to quash the subpoena ("Motion to Quash"). (See Dkt. No. 22.) Vale argues that: (1) Kleimar failed to satisfy the requirements of 28 U.S.C. Section 1782 ("Section 1782") because Vale does not reside nor is found in the Southern District of New York and the London Arbitrations are not a "foreign tribunal" under Section 1782; (2) the subpoena seeks confidential commercial information; (3) the subpoena subjects Vale to an undue burden; and (4) Vale was not properly served. Vale also requests a protective order be entered that prohibits Kleimar from using any documents produced by Vale for any purpose other than the London Arbitrations.

Kleimar opposed the Motion to Vacate and the Motion to Quash and argues that: (1) Vale lacks standing to move to vacate the subpoena; (2) Vale does reside in New York, as Vale Americas, Inc. ("Vale Americas"), which is found in the Southern District of New York and is an indirect subsidiary of Vale; (3) the London Arbitrations are a foreign tribunal under Section 1782; (4) Kleimar is willing to agree to a confidentiality stipulation and/or narrow the subpoena as to mitigate Vale's confidentiality concerns; and (5) the subpoena is not an undue burden, particularly in light of Kleimar's willingness to work with Vale to narrow the scope of the subpoena.

For the reasons discussed below, Vale's Motion to Vacate and Motion to Quash are DENIED.

## I. DISCUSSION

### A. MOTION TO VACATE

 "A party generally lacks standing to challenge a subpoena issued to a third party absent a claim of privilege or a proprietary interest in the subpoenaed matter." See U.S. v. Nachamie, 91 F.Supp.2d 552, 557 (S.D.N.Y. 2000). While neither party disputes that Vale has standing to move to quash the subpoena directed at it, Vale does not have standing to challenge discovery directed at other third parties. See, e.g., Estate of Ungar v. Palestinian Authority, 400 F.Supp.2d 541, 555 (S.D.N.Y. 2005)(granting a third party's motion to quash regarding the subpoena directed at it, but denying its motion to quash "all other third-party subpoenas" for "lack of standing"). As Vale does not have standing to move to vacate the ex parte discovery order, its Motion to Vacate is DENIED.

### B. MOTION TO QUASH

#### 1. Legal Standard

Section 1782 provides that "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a

document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation." 28 U.S.C. Section 1782(a).

■ When granting a subpoena under Section 1782 a court considers whether: "(1) the person from whom discovery is sought is a participant in the foreign proceeding; (2) the foreign tribunal might be receptive to U.S. federal court judicial assistance; (3) the Section 1782(a) request conceals an attempt to circumvent foreign proof gathering restrictions or other policies of a foreign country or of the United States; and (4) the request is unduly intrusive or burdensome." In re Auto–Guadeloupe Investissement S.A., No. 12–mc–221, 2012 WL 4841945, at *4 (S.D.N.Y. Oct. 10, 2012) (citing Intel Corp v. Advanced Micro Devices. Inc., 542 U.S. 241, 264–265, 124 S.Ct. 2466, 159 L.Ed.2d 355 (2004)). Courts must also consider Rules 26 and 45 of the Federal Rules of Civil Procedure. See id.

2. Kleimar Satisfied Section 1782's Requirements

■ Kleimar has the burden to prove that Vale resides or is found in New York for the purposes of Section 1782. See, e.g., In re Kolomoisky, No. M19–116, 2006 WL 2404332, at *3 (S.D.N.Y. Aug. 18, 2006). The Court is persuaded that Kleimar has met its burden. First, Vale trades American Depository Receipts ("ADRs") on the New York Stock Exchange and regularly files forms with the Security and Exchange Commission ("SEC"). In its SEC Form S–8 filing, Vale lists Vale Americas, as Vale's agent for service and "Authorized Representative" in the United States. (See Dkt. No. 28). Second, Vale has significant ties to Vale Americas. Vale Americas is a wholly owned subsidiary of Vale Canada Ltd. ("Vale Canada"), which is a wholly owned subsidiary of Vale. Vale Americas is

currently registered to do business in New York and is a defendant in an ongoing action in the Southern District where it has not contested jurisdiction. (See id.) Third, Vale Americas is listed as an importer in North and South America for Vale's nickel product and Vale appears to conduct systematic and regular business in the United States and New York. (See id.) The Court is persuaded that Vale has significant contacts with New York such that Vale resides or is found in New York for the purposes of Section 1782.

■ The Court also finds that the LMAA is a "foreign tribunal" within Section 1782. While the Second Circuit has previously excluded private foreign arbitrations from the scope of qualifying Section 1782 proceedings, dictum of the Supreme Court in Intel Corp v. Advanced Miro Devices. Inc., 542 U.S. 241, 258, 124 S.Ct. 2466, 159 L.Ed.2d 355 (2004), suggests the Supreme Court may consider private foreign arbitrations, in fact, within the scope of Section 1782. Compare Nat'l Broad. Co. v. Bear Stearns & Co., 165 F.3d 184, 190 (2d Cir. 1999) with Intel, 542 U.S. at 258, 124 S.Ct. 2466. The Second Circuit has not weighed in on this issue in light of Intel. See Chevron Corp v. Berlinger, 629 F.3d 297 (2d Cir. 2011) (declining to reach whether a private arbitration qualifies under Section 1782); In re Asia Mar. Pac. Ltd., No. 15–CV–2760, —— F.Supp.3d ——, ——, n.8, 2015 WL 5037129, at *4 n.8 (S.D.N.Y. Aug. 26, 2015).

Other courts, following Intel, have found that a private, commercial tribunal is a "foreign tribunal[ ]" within Section 1782. See Consorcio Ecuatoriano de Telecomunicaciones S.A., 685 F.3d 987 (11th Cir. 2012), superseded on other grounds, 747 F.3d 1262 (11th Cir. 2014). Several district courts have specifically found that the LMAA is a "foreign tribunals" that falls within Section 1782. See In re Owl Ship-

ping, LLC, No. 14–5655, 2014 WL 5320192, at *2 (D.N.J. Oct. 17, 2014) ("Second, the discovery sought is for use in a proceeding before the London Maritime Arbitrators Association, which constitutes a foreign tribunal under Section 1782."); In re Application of Winning (HK) Shipping Co. Ltd., No. 09–22659, 2010 WL 1796579, at *9–10 (S.D. Fla. Apr. 30, 2010)(same).

The Court is persuaded by the reasoning of courts that have concluded that the LMAA is a "foreign tribunal" within the domain of Section 1782. As such, Kleimar has satisfied the statutory requirements of Section 1782.

### 3. The Subpoena Presents Neither a Confidentiality Concern nor an Undue Burden

■ Rule 45 of the Federal Rules of Civil Procedure permits courts to quash or modify subpoenas that require disclosure of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(d)(3)(B)(i). Although the subpoena requests documents containing confidential information, such as pricing, and covers contracts that contain confidentiality clauses, Kleimar has offered to narrow the scope of the subpoena and agree to a confidentiality stipulation or a protective order. As Vale's confidentiality issues can be addressed by a protective order, the Court is persuaded that such concerns are not severe enough to warrant quashing the subpoena.

■ As to whether the subpoena is an undue burden, "the Court must balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it. This requires the Court to consider whether the information is necessary and whether it is available from any other source. Nevertheless, inconvenience alone will not justify an order to quash a subpoena that seeks potentially relevant testimony." Anwar v. Fairfield Greenwich Ltd., 297 F.R.D. 223, 226 (S.D.N.Y. 2013) (internal citation and quotation marks omitted).

■ Vale, "as the movant, carries the burden of proving that the [Kleimar] subpoena impose[s] an undue burden on [it] as a non-party." See Usov v. Lazar, No. 13–cv–818, 2014 WL 4354691 (S.D.N.Y. Aug. 22, 2014). Vale "cannot merely assert that compliance with the subpoena would be burdensome without setting forth the manner and extent of the burden and assert that compliance with the subpoena would be burdensome without setting forth the manner and extent of the burden and the probable negative consequences of insisting on compliance." Id.

Vale has not met its burden. Vale was already able to identify many transactions and documents responsive to the subpoena, indicating that at least partially complying with the subpoena is feasible. (See Dkt. No. 22.). The parties have also been in discussion regarding narrowing the scope of the subpoena to make it less burdensome on Vale to respond. The court is persuaded that, given Kleimar's willingness to address Vale's concerns so as to make the subpoena less burdensome to respond to, the subpoena does not place an undue burden on Vale.

### 4. Vale was Properly Served

■ As stated above, Vale Americas is listed on Vale's SEC filings as Vale's agent for service and its Authorized Representative in the United States. Furthermore, Vale presented no evidence that the agent who was served, Brian Fogelson, was not authorized to accept service of process of the subpoena. Given this circumstance, and the significant ties between Vale and Vale Americas, the Court finds that Vale was adequately served.

## ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion of third party Vale S.A. ("Vale") to vacate <u>ex</u> <u>parte</u> order permitting discovery (Dkt. No. 22.) is **DENIED**; and it is further

**ORDERED** that the motion of third party Vale to quash the subpoena <u>duces</u> <u>tecum</u> of Plaintiff Kleimar N.V. ("Kleimar") (Dkt. No. 22.) is **DENIED**.

**SO ORDERED.**